# Proskauer»

June 4, 2025

**Via ECF**

Kyle A. Casazza
Member of the Firm
d +1.310.284.5677
f 310.557.2193
kcasazza@proskauer.com
www.proskauer.com

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *Jenkins v. National Collegiate Athletic Conference et al.*, Civil Case No. 1:25-cv-02844

Dear Judge Cote:

Defendants[1] write pursuant to Local Civil Rule 1.6 and Rule 13(b)(3) of the Rules for the Division of Business, to inform the Court that the above-captioned case (*Jenkins*) is related to a previously-filed putative class action, *Chalmers et al. v. National Collegiate Athletic Association et al.*, No. 1:24-cv-05008 (*Chalmers*), which was assigned to the Honorable Paul A. Engelmayer, and to respectfully request a transfer of this case to Judge Engelmayer because the cases are related.

On April 28, 2025,[2] Judge Engelmayer issued a 34-page Opinion and Order in *Chalmers*, granting Defendants' motion to dismiss the Amended Complaint, with prejudice. *Chalmers v. Nat'l Collegiate Athletic Ass'n*, 2025 WL 1225168 (S.D.N.Y. Apr. 28, 2025). Plaintiffs filed a Notice of Appeal on May 19, 2025. *Chalmers*, ECF No. 132. Judge Engelmayer's thorough Opinion and Order in *Chalmers* addresses the identical issues presented by this case:

> The heart of these claims is that the NCAA, colluding with the conference defendants, violated antitrust laws by forcing student-athletes to enter into agreements upon enrolling in the universities that (1) forced them to forgo compensation for use of their NILs from their college playing career and (2) enabled the NCAA and the conference defendants unjustly to retain ownership and control of these NILs and collect revenues from these that rightfully belonged to the plaintiffs.

*Chalmers*, 2025 WL 1225168 at *1. Just like the *Chalmers* plaintiffs, "Kris Jenkins seeks the compensation that he would have received absent Defendants' unlawful restraints on pay-for-play compensation, a share of game telecast revenue and compensation that he would have received for media broadcast uses of his NIL ("BNIL"), and the compensation that he would have received for his NIL from third parties for use in video games and other opportunities including marketing, sponsorship, social media, branding, promotional, and other NIL deals." *Jenkins*, ECF No. 1 at 17;

---

[1] This Firm represents the BIG EAST Conference, Inc. We also write on behalf of: National Collegiate Athletic Association; Pac-12 Conference; The Big Ten Conference, Inc.; The Big 12 Conference, Inc.; Southeastern Conference; and Atlantic Coast Conference.

[2] *Jenkins* was filed on April 5, 2025 (*Jenkins*, ECF No. 1), while *Chalmers* was still pending.

# Proskauer»

*see also, e.g., id.* at 26-27 ("Plaintiff brings this suit to challenge and seek damages caused by the NCAA and the Conference Defendants' rules that prohibited, capped, or otherwise limited the compensation that he and other Division I student-athletes may receive from schools or conferences including for the use of their names, images, likenesses, and athletic reputations in the manners discussed in this Complaint, as well as compensation for their athletic services.").

Jenkins' claims are virtually identical to the *Chalmers* plaintiffs' claims and should be related. To determine whether cases are related, a court considers whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses." R. 13(a)(1)(A)-(D), Rules for the Division of Business. Every one of the factors favors relation here.

The parties are substantially similar, if not the same. The Defendants are exactly the same. *See Chalmers*, 2025 WL 1225168 at *1 & n.2; *Jenkins*, ECF No. 1 at 1. Further, Jenkins played college basketball at Villanova University from 2013-2017 and was therefore in the *Chalmers* putative class. *Jenkins*, ECF No. 1 at 18; *Chalmers*, 2025 WL 1225168 at *1, 5.

The cases involve identical transactions and events. Because of that substantial factual overlap, the parties could be subject to conflicting orders. Judge Engelmayer dismissed the *Chalmers* plaintiffs' claims with prejudice on multiple grounds, all of which could apply here. He found the plaintiffs' damages claims were time-barred, and that the continuing violation doctrine, the "narrow exception for certain speculative damages," and equitable tolling did not apply. *Chalmers*, 2025 WL 1225168 at *8-13. Plaintiffs' injunctive relief claims were time-barred under the doctrine of laches, and were also precluded under the Ninth Circuit's earlier judgment in *O'Bannon. Id.* at *13-15. Like Jenkins, the *Chalmers* plaintiffs were all current or former student-athletes "at the time the *O'Bannon* injunctive class was certified" in November 2013. *Id.* at 14; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 (N.D. Cal. Nov. 8, 2013), ECF No. 893. The *Alston* damages settlement also barred the damages claims for 10 of the 16 plaintiffs, who—like Jenkins—were class members in *Alston. Chalmers*, 2025 WL 1225168 at *15-16; *NCAA Grant-In-Aid Cap Antitrust Litigation*, No. 14 Md. 2541 (N.D. Cal. Dec. 6, 2017), ECF No. 746. And "[f]or several reasons," the court dismissed plaintiffs' unjust enrichment claim. *Chalmers*, 2025 WL 1225168 at *16-17.

Absent a determination of relatedness, there would be a massive duplication of effort and expense that would greatly prejudice Defendants. Transferring the case would not prejudice Jenkins, who has merely filed his initial complaint. Defendants request that this Court find the *Jenkins* case related to *Chalmers*, and transfer *Jenkins* to Judge Engelmayer.

Respectfully submitted,

*/s/ Kyle A. Casazza*
Kyle A. Casazza

*Denied.*

*[signature]*
6/4/25